IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ROWE, | No C-14-2215 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| DR. LEIGHTON, et al., | |
| Defendants. | (Dkt. 2) |

Plaintiff, an inmate at California State Prison – Sacramento, filed this pro se civil action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs by staff at San Quentin State Prison (SQSP), where he was previously incarcerated. Plaintiff's request to proceed in forma pauperis will be granted in a separate order. His complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

//
//
//

# I

## A

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844

F.2d at 633.

**B**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

According to the complaint, Plaintiff suffered from a

3

hernia for several months in 2013, while incarcerated at SQSP. SQSP medical staff were aware of the hernia and accompanying chronic pain but only provided Plaintiff with ineffective pain medication. In addition to being ineffective, the pain medication Plaintiff received posed a risk of liver damage due to his Hepatitis C. Medical staff denied his requests for a change in pain medication. These allegations, liberally construed, state a claim of deliberate indifference to serious medical needs. Plaintiff names as defendants Primary Care Physician Dr. Leighton, Dr. Maria Rivero, and Registered Nurse M. Paley.

Plaintiff also names as a defendant San Quentin Prison Medical. A medical department is a place rather than an entity capable of being sued. Even if the prison's medical department was considered an agency of the State of California, the medical department would not suffice as a defendant because it would be immune from the suit. The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); see also Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). Accordingly, the San Quentin State Prison Medical Department

4

is dismissed as a defendant.

II

Plaintiff has also requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is therefore DENIED. The Court will consider appointment of counsel on its own motion, and seek volunteer counsel to agree to represent Plaintiff pro bono, if it determines at a later time in the proceedings that appointment of counsel is warranted.

III

For the foregoing reasons and for good cause shown,

1. The complaint, liberally construed, states a cognizable claim under § 1983 for deliberate indifference to serious medical needs.

2. Defendant San Quentin Prison Medical is DISMISSED. The Clerk shall terminate San Quentin Prison Medical as a defendant on the docket.

3. Plaintiff's motion for appointment of counsel is

5

**DENIED.**

4. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this order upon the following defendants at SQSP: Primary Care Physician Dr. Leighton, Dr. Maria Rivero, and Registered Nurse M. Paley.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

5. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. <u>Woods v. Carey</u>, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If Defendants are of the opinion that this case cannot be

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified <u>Wyatt</u> notice in light of <u>Albino</u>. See <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012).

resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

   6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and

7

show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

      7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

      8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

      9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every

pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates docket number 2.

IT IS SO ORDERED.

DATED *07/23/2014*　　　　　　　　　　/s/ Thelton E. Henderson
**THELTON E. HENDERSON**
United States District Judge

G:\PRO-SE\TEH\CR.14\Rowe 14-2215-Serve.wpd